**FILED**

**April 13, 2022**
KAREN MITCHELL
CLERK, U.S. DISTRICT
COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

MOTION UNDER 28 U.S.C. SECTION 2255,
TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A
<u>PERSON IN FEDERAL CUSTODY</u>

UNITED STATES OF AMERICA

vs.

CHRISTOPHER JAMES REGAN
_____
MOVANT (full name of movant)

Tuscon USP
_____
PLACE OF CONFINEMENT

28400-078
_____
PRISONER ID NUMBER

1:19-cr-021-P
_____
CRIMINAL CASE NUMBER

(If a movant has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion in the federal court which entered the judgment.)

---

## INSTRUCTIONS - READ CAREFULLY

1. This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

2. Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities needs to be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

3. Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

4.  If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute the declaration provided with this motion, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

5.  Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each such judgment.

6.  Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

7.  When the motion is fully completed, the original and two copies must be mailed to the Clerk of the United States District Court for the Northern District of Texas at the appropriate divisional office whose address is:

Abilene Division
P.O. Box 1218
Abilene, TX 79604

Amarillo Division
205 S.E. 5th St, Rm 133
Amarillo, TX 79101

Dallas Division
1100 Commerce, Rm 1452
Dallas, TX 75242

Fort Worth Division
501 W. 10th St, Rm 310
Fort Worth, TX 76102

Lubbock Division
1205 Texas Ave., Rm 209
Lubbock, TX 79401

San Angelo Division
33 East Twohig St, Rm 202
San Angelo, TX 76903

Wichita Falls Division
P.O. Box 1234
Wichita Falls, TX 76307

8.  Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

# MOTION

1. Name and location of court that entered the judgment of conviction you are challenging:

Northern District Of Texas

   Abilene Divison

2. Date of the judgment of conviction:

February 20, 2020

3. Length of sentence:   1080 Months

4. Nature of offense involved (all counts):

18 U.S.C. 2251 (a)
18 U.S.C. 2251 (e)

5. (a) What was your plea? (Check one)

   Not guilty ☐     Guilty ☒     Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or
   or indictment, what did you plead guilty to and what did you plead not guilty to?

               N/A

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐    Judge Only ☐

7. Did you testify at the trial? (Check one)   Yes ☐    No ☒

8. Did you appeal from the judgment of conviction? (Check one)   Yes ☒    No ☐

9. If you did appeal, answer the following:

   Name of Court:   Fifth Circuit

   Result:   Affirmed

   Date of result:   01/07/2021

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

Yes ☐    No ☒

11. If your answer to 10 was "Yes" give the following information:

Name of Court: _____ N/A _____

Nature of proceeding:

| N/A |
|---|

Grounds raised:

| N/A |
|---|

Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐    No ☐

Result: _____ N/A _____

Date of result: _____ N/A _____

As to any *second* petition, application or motion, give the same information:

Name of Court: _____ N/A _____

Nature of proceeding:

| N/A |
|---|

Grounds raised:

| N/A |
|---|

Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐    No ☐

Result: _____ N/A _____

Date of result: _____ N/A _____

As to any *third* petition, application or motion, give the same information:

Name of Court: _____ N/A _____

Nature of proceeding:

|                                   |
|-----------------------------------|
| N/A                               |

Grounds raised:

|                                   |
|-----------------------------------|
| N/A                               |

Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐     No ☐

Result: _____ N/A _____

Date of result: _____ N/A _____

Did you appeal to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

| First petition, etc.  | Yes ☐ | No ☐ |
| Second petition, etc. | Yes ☐ | No ☐ |
| Third petition, etc.  | Yes ☐ | No ☐ |

If you did not <u>appeal</u> from the adverse action on any petition, application or motion, explain briefly why you did not:

|                                   |
|-----------------------------------|
| N/A                               |

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

 **CAUTION:** If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you <u>should raise in this petition all available grounds</u> (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

<u>DO NOT CHECK ANY OF THESE LISTED GROUNDS.</u> If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right to appeal.

A.   Ground One:

> Mr. Regan was deprived of his ..........
> See Attached Continuation Pages

Supporting FACTS (tell your story briefly without citing cases or law):

> Mr. Regan is currently serving a sentence .......
> See Attached Continuation Pages

B.   Ground Two:

> Mr. Regan was deprived of his ........
> See Attached Continuation Pages

Supporting FACTS (tell your story briefly without citing cases or law):

> Mr. Regan was deprived of his rights ........
> See Attached Continuation Pages

C.   Ground Three:

> Mr. Regan was deniend his constitutional rights ........
> See Attached Continuation Pages

Supporting FACTS (tell your story briefly without citing cases or law):

> Howard County Judge Kathryn Wiseman violated ..........
> See Attached Continuation Pages

D.   Ground Four:

> Mr. Regan was illegally detained, arrested ...........
>
> See Attached Continuation Pages

Supporting FACTS (tell your story briefly without citing cases or law):

> Mr. Regan was illegally arrested & later ...........
>
> See Attached Continuation Pages

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

> 12A-Mr. Regan was deprived of the opportunity to raise an
> ineffective assistance of counsel claim in his direct appeal.
> 12B-12DCovers issues Mr.Regan found in discovery documents he was
> given after his direct appeal was final.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?

Yes ☐      No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing:

> Matthew Millslagle
> 110 N. College
> Suite 1122
> Tyler, Texas 75701

(b) At arraignment and plea:

```
Jacob Blizzard
441 Butternut
Abilene, Texas 79602
```

(c) At trial:

```
 Jacob Blizzard
441 Butternut
 Abilene, Texas 79602
```

(d) At sentencing:

```
Jacob Blizzard
441 Butternut
Abilene, Texas 79602
```

(e) On appeal

```
Jacob Blizzard
441 Butternut
Abilene, Texas 79602
```

(f) In any post-conviction proceeding:

(g) On appeal from any adverse ruling in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?

Yes ☒     No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes ☐     No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future:

N/A

(b) And give date and length of sentence to be served in the future:

N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes ☐     No ☒

Wherefore, movant prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature

N/A
_____
Firm Name (if any)

P.O. Box 24550
_____
Address

Tucson, AZ 85734
_____
City, State & Zip Code

N/A
_____
Telephone (including area code)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.
Executed on  4-8-22  (date).

_____
Signature of Movant

CONTINUATION PAGE

Ground One:

     Mr. Regan was deprived of his constitutional right of effective assistance of counsel under the Sixth Amendment.


Supporting Facts:

     Mr. Regan is currently serving a sentence in federal prison due to the ineffective assistance of his counsel.

1) Mr. Blizzard forced Mr. Regan into signing a Plea Agreement. The Plea Agreement was presented to Mr. Regan on October 8, 2019 at the Parker County Jail in Weatherford, Texas around 7pm. The agreement which is 10 total pages, was also presented with the Plea Agreement Supplement which is another 6 pages. Mr. Regan was told by Mr. Blizzard that AUSA Russell Lorfing is requiring that the Plea Agreement and the supplement be signed now to avoid going to trial. Mr. Regan asked for more time to read and better understand what he was being told to sign. Mr. Blizzard advised Mr. Regan that the government would not give him additional time to review the Plea Agreement. Mr. Regan signed the Plea Agreement without understanding the agreement. Mr. Regan was not afforded the time to understand what rights he was giving up. Mr. Regan followed Mr. Blizzard's advice and signed the agreement he did not understand.

2) Mr. Blizzard contracted with Dr. Jason D. Dunham to complete a Forensic Psychological Evaluation: Sexual

Offender Risk Assessment on Mr. Regan.  This was completed on January 17, 2020 at the Taylor County Jail in Abilene, Texas.  This evaluation lasted around 60 minutes.  The following week Mr. Regan expressed his concerns about the evaluation to Mr. Blizzard.  Mainly, Mr. Regan was concerned that the evaluation was so short, with very few questions asked of Mr. Regan by Dr. Dunham. Dr. Dunham had explained to Mr. Regan at the start of the evaluation that Mr. Blizzard had supplied him with most of the "facts" of the case.  The questions asked of Mr. Regan were very basic in nature covering family, work history, living situations, etc.  Mr. Blizzard told Mr. Regan that he did not have to use the evaluation, Mr. Blizzard stated "let's see what it says then decide whether to use the evaluation or not."  Later, approximately two weeks before Mr. Regan's sentencing, Mr. Blizzard advised Mr. Regan that his office had submitted Dr. Dunham's evaluation to the court.  Mr. Regan protested this due to Mr. Regan never seeing the evaluation, or being told what it said and Mr. Regan never gave Mr. Blizzard permission to submit it to the court.  At sentencing on February 20, 2020 the court quotes Dr. Dunham's evaluation on Page 15 of the transcript.  The court denied Mr. Regan's request for a downward variance based on Mr. Dunham's estimate of Mr. Regan's "level of risk for sexual re-offense".  Mr. Blizzard's gross negligence caused irrefutable harm to

Mr. Regan's argument to the court for a downward variance, by submitting Dr. Dunham's evaluation without consent of Mr. Regan.

3) Mr. Blizzard failed to disclose to Mr. Regan that former AUSA Russell Lorfing, who prosecuted Mr. Regan, left the AUSA office and was later employed by Mr. Blizzard at his law firm, Blizzard & Zimerman.  Because of this employment and failure to disclose this conflict of interest, Mr. Regan was denied the opportunity to seek another attorney to represent him in his direct appeal. According to Legal Ethics Professional Responsibility 2010-2011, defense counsel should disclose to the client at the earliest feasible opportunity any interest in or connection with the case or any other matter that might be relevant to the client's selection of counsel to represent him or her or counsel's continuing representation.

4) Mr. Blizzard failed to withdraw from representing Mr. Regan once his firm hired former AUSA Russell Lorfing. According to, A Concise Restatement of the Law Governing Lawyers, by The American Law Institute, Section 32 Discharge by a Client and Withdrawal by a Laywer. Subject to Subsection (5), a lawyer may not represent a client or where representation has commenced, must withdraw from the representation of a client if: a) The representation will result in the lawyer's violating rules of professional conduct or other law.

5) Mr. Blizzard failed to contact Mr. Regan from February
20, 2020 (day of sentencing) until January 11, 2021. Mr.
Blizzard never answered any of Mr. Regan's letters. Mr.
Blizzard's office refused to talk to Mr. Regan's mother,
Mrs. Stephany Wilkins on the phone when she called
several times on behalf of Mr. Regan. Mr. Blizzard
failed to give Mr. Regan an opportunity to participate in
his own direct appeal. Mr. Blizzard, by failing to
contact Mr. Regan clearly shows a lack of devotion to the
interest of Mr. Regan.

## Ground Two:

Mr. Regan was deprived of his constitutional rights under
the Fourth Amendment against illegal search and seizure.

## Supporting Facts:

Mr. Regan was deprived of his rights under the Fourth
Amendment, because Sgt. Marcus Thomas of the Howard County
Sheriff's Department lied on his Affidavit for Search Warrant to
obtain a search warrant of Mr. Regan's home.

1) According to the Affidavit for Search Warrant, page 3,
Sgt. Thomas states that he received an email from
Detective Delapaz with the Dallas Police Department.
Sgt. Thomas states in his Affidavit that the email
contained three (3) photographs of a prepubescent nude
female child. Sgt. Thomas references Cybertip Report
40898164 and Cybertip Report 41246384 from the National

Missing & Exploited Children.  Cybertip Report 40898164
actually makes no mention of a prepubescent nude child.
The report, which is 9 total pages list the "Incident
Information" on page 4 as Apparent child pornography.
That is the only reference to the activity they are
reporting to law enforcement.  Cybertip Report 41246384
states the following:  "Incident Type" Apparent child
pornography on page 4.  On page 5 under "Uploaded File
Information" the number of filed listed as 2.  Page 7
under "Further Information on Uploaded Files" shows one
(1) photograph as a category B1, which is listed as a
pubescent minor in some sort of a sex act.  The 2nd
photograph is listed as a category B2, which is a
pubescent minor in a lascivious exhibition.  Nowhere in
either Cybertip report does it list three (3) photographs
of a prepubescent nude female child.  In fact, Cybertip
41246384 clearly lists each of the two (2) photograph's
in it as pubescent.

2) Sgt. Thomas lied on the Affidavit for Search Warrant to
   secure a search warrant for Mr. Regan's home.  Sgt.
   Thomas blatantly lied to the court in the Affidavit
   subjected Mr. Regan to an illegal search and seizure.


Ground Three:

Mr. Regan was denied his constitutional rights due to
Judicial Misconduct.

Supporting Facts:

Howard County Judge Kathryn Wiseman violated Mr. Regan's constitutional rights by signing and issuing an Evidentiary Warrant she wasn't allowed to sign under Texas law.

> 1) Judge Kathryn Wiseman was not a licensed attorney in the State of Texas at the time of signing and issuing the Evidentiary Warrant. Texas Code of Criminal Procedure states "a County Judge who is not a licensed attorney is not authorized to sign a Subdivision 10, Article 18.02 warrant (Evidentiary Warrant)". The warrant was a 18.02 (10) warrant because the warrant was labeled as such.

> 2) Judge Wiseman not only signed and issued the Evidentiary Warrant, but did so by "rubber stamping" the said warrant without reviewing both of the Cybertip's herself to ensure the Affidavit for search warrant was accurate and truthful.


Ground Four:

Mr. Regan was illegally detained, arrested, and later convicted in violation of his Constitutional rights.


Supporting Facts:

Mr. Regan was illegally arrested and later convicted because HSI Marisol O'Leary lied under oath in her Affidavit in Support of Criminal Complaint.

> 1) In Section III. Probable Cause, Agent O'Leary states that

on November 6, 2018 deputies with the Howard County
Sheriff's Department contacted HSI special agents in San
Angelo, Texas regarding a NCMEC referral which is
Cybertip 41246384 and Cybertip 40898164.  Agent O'Leary
states that Howard County deputies informed HSI of three
(3) images of child pornography.  Later in the Affidavit,
page 5, number 12, Agent O'Leary describes these three
(3) images as a prepubescent female child.

2) Nowhere in either Cybertip that the Howard County
Sheriff's Department received from NCMEC does it list
this apparant child pornography as prepubescent.

3) Page 7 of the Affidavit, Agent O'Leary states that on
November 26, 2018 HSI received information from a co-
worker of Mr. Regan that there was a Tumblr account
linked to Mr. Regan's work email address.  The co-worker
mentioned was Deanna La Grande (exact spelling unknown)
who has in fact been terminated by Mr. Regan weeks before
the initial investigation was started.  Ms. LaGrande who
Mr. Regan later learned was on Federal Probation in
Midland/Odessa, Texas area, knew, as everyone did who
worked and had worked for Mr. Regan his password for his
work email address which was Welcome1!  This was the
default password set by the I.T. department of Elfs
Freight for every employee working at the company during
Mr. Regan's employment with the company.  The entire
paragraph 17 of the Affidavit is a misrepresentation of
the true facts.

4) Using paragraph 17 of the Affidavit, Agent O'Leary
   secured a federal search warrant on December 6, 2018 for
   Tumblr accounts associated with Mr. Regan's work email
   address, cregan@elfsfreight.com.

5) Agent O'Leary was fully aware that Mr. Regan had
   terminated Ms. Deanna LaGrande (exact spelling unknown)
   prior to the Cybertip's being sent to the Howard County
   Sheriff's Department.  That fact alone should have
   prompted Agent O'Leary to investigate how Ms. LaGrande
   would have had access to her former supervisor's work
   email address after she was terminated.  The information
   that Ms. LaGrande provided to HSI was tainted at best,
   since she would have had to illegally access Mr. Regan's
   work email address.  It also brings up the point of the
   evidence being fabricated by Ms. LaGrande to get back at
   Mr. Regan for terminating her from Elfs Freight or was
   this simply Ms. LaGrande's attempt to get the favor of
   the government since she was on Federal Probation at the
   time.

6) Based on all of the missinformation, fabricated facts,
   and the illusion that Mr. Regan had committed a crime,
   Agent O'Leary secured not only a federal search warrant
   for Tumblr accounts associated with Mr. Regan's work
   email, but Agent O'Leary secured a federal arrest warrant
   to illegally arrest and detain Mr. Regan.

7) Prior to this "information" from a terminated former
   employee that Mr. Regan's work email was associated with

a Tumblr account, there was no direct evidence to tie any crime to Mr. Regan.  Only very circumstantial evidence that Mr. Regan may or may not have committed a crime.

To: The Clerk of the Court,

This packet is my 28 U.S.C. 2255, the original and two (2) copies per the instructions listed on page 1 and 2.

Sincerely,

Christopher Regan - 28400-078
United States Penitentiary
P.O. Box 24550
Tucson, AZ 85734

RECEIVED

APR 1 3 2022

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

4-8-22

Legal Mail

CERTIFIED MAIL®

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7021 1970 0000 0323 6009

⟨⟩28400-078⟨⟩
U S District Court
Clerk: Karen Mitchell
341 PINE ST
Room 2313
Abilene, TX 79601
United States

RECEIVED

APR 1 3 2022

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Chris Regan - 28400078
United States Penitentary
P.O. Box 24550
Tucson, AZ 85734

Legal Mail