IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

CHRISTOPHER JAMES REGAN,
        Movant,

v.

UNITED STATES OF AMERICA,
        Respondent.

No.    1:22-CV-00037-P
       (1:19-CR-00021-P-2)

## **RESPONSE TO MOTION UNDER 28 U.S.C. § 2255**

Respectfully submitted,

Chad E. Meacham
United States Attorney

*s/ Ann Howey*
Ann Howey
Assistant United States Attorney
Texas Bar No. 24032312
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone:  (806) 472-7351
Email:  ann.howey.usdoj.gov

Steven J. Grocki
Chief, Child Exploitation and Obscenity Section
U.S. Dept. of Justice, Criminal Division

Kyle P. Reynolds
Trial Attorney
New York Bar No. 4703856
Authorized to Practice Under L. Cr. R. 57.11
1301 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 616-2842
kyle.reynolds@usdoj.gov

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................... iv

RESPONSE TO MOTION UNDER 28 U.S.C. § 2255 ....................................... 1

STATEMENT OF THE FACTS ............................................................................. 1

    1.    Regan produces videos of his sexual abuse of minors. ................................. 1

    2.    Regan is charged and his counsel files multiple pretrial motions. ................ 3

    3.    Regan's counsel negotiates a favorable plea agreement. .............................. 3

    4.    After the Court sentences Regan to 90 years in prison, he appeals the sentence, and the Fifth Circuit affirms. ........................................................... 4

STATEMENT OF THE ISSUES ............................................................................ 6

ARGUMENT AND AUTHORITIES ..................................................................... 6

    1.    Regan's claims of ineffective assistance of counsel are conclusory, meritless, and counterfactual.  (Ground One) ............................................... 8

            i.    Regan received effective assistance of counsel during the pretrial proceedings ........................................................................................... 8

            ii.    Regan received effective assistance of counsel during the sentencing proceedings ........................................................................................ 10

            iii.    Regan received effective assistance of counsel during the appellate proceedings ........................................................................................ 11

    2.    Regan's Fourth Amendment claims are procedurally barred and lack a basis in fact and law.  (Grounds Two through Four) ........................................... 13

            i.    Regan's Fourth Amendment claims are procedurally barred. ......... 13

            ii.    The issuance and execution of the warrant to search Regan's residence did not violate his Fourth Amendment rights. ................. 14

**Page(s)**

iii.   The issuance and execution of the Tumblr search warrant and the
       arrest warrant did not violate Regan's Fourth Amendment rights... 17

CONCLUSION ............................................................................................. 19

CERTIFICATE OF SERVICE............................................................................ 20

# TABLE OF AUTHORITIES

**Federal Cases**                                                               **Page(s)**

*Blackledge v. Allison*, 431 U.S. 63 (1977) ................................................................ 9

*Clay v. United States*, 537 U.S. 522 (2003) ............................................................ 5, 6

*Cullen v. Pinholster*, 563 U.S. 170 (2011) .............................................................. 7

*Hill v. Lockhart*, 474 U.S. 52 (1985) ...................................................................... 9

*Hooks v. Roberts*, 480 F.2d 1196 (5th Cir. 1973) ................................................... 12

*Padilla v. Kentucky*, 559 U.S. 356 (2010) .............................................................. 7

*Strickland v. Washington*, 466 U.S. 668 (1984) ............................................ 6, 7, 10, 11

*United States v. Allen*, 918 F.3d 457 (5th Cir. 2019) .............................................. 7, 8

*United States v. Bruton*, 391 U.S. 123 (1968) ....................................................... 3, 4

*United States v. Cothran*, 302 F.3d 279 (5th Cir. 2002) ........................................... 13

*United States v. Cordero*, 465 F.3d 626 (5th Cir. 2006) ........................................... 16

*United States v. Kallestad*, 236 F.3d 225 (5th Cir. 2000) ......................................... 13

*United States v. Paige*, 136 F.3d 1012 (5th Cir. 1998) ............................................. 18

*United States v. Palacios*, 928 F.3d 450 (5th Cir. 2019) ........................................... 11

*United States v. Regan*, 832 Fed. App'x 898 (5th Cir. 2021) .................................. 5, 15

*United States v. Samuels*, 59 F.3d 526 (5th Cir. 1995) ............................................. 7

*United States v. Shaid*, 937 F.2d 228 (5th Cir. 1991) .............................................. 13

*United States v. Stewart*, 207 F.3d 750 (5th Cir. 2000) ............................................ 7

*Wilkerson v. Collins*, 950 F.2d 1054 (5th Cir. 1992) ............................................... 10

**Federal Statutes and Rules**      **Page(s)**

18 U.S.C. §§ 2252A(a)(2), (a)(5)(B) ................................................................. 14

18 U.S.C. §§ 2256(1), (2), (8)(a) ..................................................................... 14

**State Authorities**

*Muniz v. State*, 264 S.W.3d 393 (Tex. App.—Houston [1st Dist.] 2008, no pet.) ...... 16, 17

Tex. Code Crim. Proc. art. 18.01(i) ................................................................. 16

Tex. Penal Code § 43.26(a) ...................................................................... 14, 15

## RESPONSE TO MOTION UNDER 28 U.S.C. § 2255

This Court sentenced Christopher James Regan ("Regan") to serve a prison term of 90 years based on his plea of guilty to three counts of a superseding indictment. Regan now moves to set aside his conviction and sentence under 28 U.S.C. § 2255. In support, he alleges a number of ineffective-assistance-of-counsel claims. (CV No. 1 (Ground One).)[1] He also alleges violations of his Fourth Amendment rights. (*Id*. (Grounds Two through Four).) Regan fails entirely to establish any constitutional error. The Court should therefore deny his motion with prejudice.

## STATEMENT OF THE FACTS

1.   **Regan produces videos of his sexual abuse of minors.**

Regan and his wife and codefendant, Tanya Marie Regan ("Tanya"), physically and sexually abused minor children in unspeakable ways.[2] At Regan's urging and instruction, Tanya repeatedly sexually abused two of the victims, and Regan videotaped the sexual abuse, including nearly every incident involving one of the victims. (CR. No. 135 at 5-6.) When that victim refused to engage in the forced sexual activity, Regan and Tanya physically abused or restrained him. (*Id*. at 6) Regan produced the video recordings for his consumption and amusement, and he possessed and transferred large

---

[1] "CV No. __" refers to the docket number of this Section 2255 action. "CR No. __" refers to the docket entry in the underlying criminal proceeding, *United States v. Regan*, 1:19-CR-00021-P-2 (N.D. Tex.). Some documents are referenced by title.

[2] To protect the privacy of the minor victims in this case, the government will refer to them as "victims" in this response and will not detail the relationships the Regans had with the victims or the types of sexual abuse they perpetrated on the victims.

quantities of child pornography images over the internet.  (*See, e.g.,* CR Nos. 138 at 5-6, 8-9.)

Law enforcement discovered the crimes when the National Center for Missing and Exploited Children ("NCMEC") provided two cyber tips.  The tips concerned child pornography offenses committed by "Jenna Lennon" at a specified email address.  (CR No. 87 at 6; *see* reports at CR Nos. 87-1, 87-2).   Subpoenaed documents showed the incidents were connected to IP addresses that returned to the Regans's residence in Big Spring, Texas.  (CR No. 87 at 7, 8.)

Upon presentation of an affidavit from a Howard County investigator, a Howard magistrate issued a warrant for the search of the Regans's residence.  (CR. No. 87 at 10.) The warrant authorized the seizure of evidence related to the commission of the child pornography offenses and authorized searches of seized property, including electronic devices.  (CR No. 71 at 35-38 (Warrant).)  Investigators with Howard County and Homeland Security Investigations (HSI) executed the warrant and seized numerous electronic devices containing child pornography, including a series of video recordings of Tanya sexually abusing a child victim.  (CR No. 87 at 10.)

The same day, Tanya waived her *Miranda* rights and provided statements that implicated herself and Regan in crimes against the victims.  (CR Nos. 73 at 1-2, 88 at 3.) She voluntarily spoke to law enforcement on a later date and further implicated herself and Regan in the heinous crimes.  (*Id.*)   The government obtained additional incriminating evidence from execution of a search warrant on the Regans's Tumblr accounts.  (CR No. 2 at 7.)

2

**2.      Regan is charged and his counsel files multiple pretrial motions.**

The government charged the Regans by criminal complaint, which was followed by a grand jury indictment.  (CR No. 1, 9, 31.)  The Court appointed an attorney who represented Regan in both the district court and appellate proceedings.  Thereafter, investigators searched Regan's mother's home with her consent.  (CR No. 89.)  There, they found incriminating evidence that ultimately led to a 13-count superseding indictment.  (*See* CR. No. 45.)

Regan's attorney filed motions to suppress the evidence law enforcement discovered during the residential searches.  (CR Nos. 71, 72.)  He also filed a motion under *United States v. Bruton*, 391 U.S. 123 (1968), seeking exclusion of the incriminating statements Tanya made during her *Mirandized* interviews.  (CR. No. 73.)  Regarding the search of the Regans's home, counsel argued, among other things, that Texas law did not authorize the magistrate, a non-lawyer, to issue the warrant.  (CR No. 71 at 15.)  The Court denied all three motions.  (CR Nos. 111, 118, 133.)

**3.      Regan's counsel negotiates a favorable plea agreement.**

The government prepared for trial, where it intended to offer overwhelming evidence of Regan's guilt, including the testimony of the victims, as well as evidence of Regan's distribution of child pornography and a large number of video recordings of the abuse the Regans inflicted upon the victims, including a video of Regan engaging in sexual acts with Tanya while she sexually abused one of the child victims.  (CR. Nos. 77 at 10, 14, 23; CR Nos. 134 at 7, 10, 13; CR No. 138 at 7.)  Approximately three weeks

prior to trial, Tanya pled guilty and agreed to testify against Regan. *See* T. Regan plea agreement, 1:19-CR-00021-P-1, Nos. 121 at 1; 134 at 2.

On October 8, 2019, less than two weeks before trial and one week after Tanya pled guilty, Regan entered into a plea agreement admitting his guilt to Counts One, Two, and Three of the superseding indictment—one count of Conspiracy to Produce Child Pornography and two counts of Production of Child Pornography. (CR No. 136.) Regan's plea agreement was beneficial to him in that if he were found guilty at trial, he would have faced a statutory maximum sentence of 250 years. (*See* CR No. 45.) His plea subjected him to a lesser statutory maximum of 90 years of imprisonment. (CR. No. 136 at 2.) In addition, his plea agreement was conditional and permitted him to appeal the denial of (1) his motions to suppress evidence found at his and his mother's residences, and (2) his motion to exclude Tanya's statements at trial. *Id.* Regan pled guilty at a Rule 11 hearing and attested under oath that his plea was knowing and voluntary. (CR No. 201 at 18:18-20; 21:15-18; 24:14-24.)

**4.    After the Court sentences Regan to 90 years in prison, he appeals the sentence, and the Fifth Circuit affirms.**

The presentence report ("PSR") calculated Regan's offense level at 56; however, under USSG, CH. 5, Pt. A., cmt. 2, the offense level was reduced to 43, which placed the advisory guidelines range at life. (CR No. 157-1 at 29.)

Regan's counsel filed several objections to the PSR, as well as a motion seeking a downward departure and a sentence variance in the alternative. (CR No. 169.) Counsel asked the Court for a sentence of 25 years rather than life and attached a forensic

psychological assessment that addressed, among other things, Regan's risk of reoffending.   (CR No. 169.)   Counsel re-urged the motion at sentencing, pointing to the psychologist's opinion that Regan was a candidate for successful completion of a sex-offender treatment program and to the psychologist's assessment that Regan was at an average-to-moderate risk of reoffending.  (CR No. 197 at 12:19-25; 13:1-10.)

The Court denied Regan's motion.  Regarding the psychologist's report, the Court interpreted it to indicate a high risk for recidivism.  (*Id.* at 15:7-11.)  The Court noted that Regan's below-guidelines request represented a downward variance of 72.2 percent and would be 65 years below the advisory guidelines range.  (*Id.* at 14:14-17.)  It described Regan's conduct as "unspeakable," noted the numerous victims of his crimes, and found a lack of mitigating factors.  (*Id.* at 15:16-18.)  The Court sentenced Regan to the statutory maximum of 90 years' imprisonment.  In announcing the sentence, the Court noted, among other things, that Regan's crimes involved "possibly the worst case of sexual abuse and exploitation of minors" it had seen and that it was the "paradigm case requiring the statutory maximum sentence." (CR No. 197 at 30: 5-8; 31:7-9.)

On appeal, Regan's counsel complained of the Court's denial of the *Bruton* motion and its denial of the motion to suppress evidence found in his residence.  *See generally* Appellant's Br., *United States v. Regan*, No. 20-10198 (5th Cir. July 24, 2020). The Fifth Circuit affirmed.  *United States v. Regan*, 832 Fed. App'x 898 (5th Cir. 2021); *United States v. Regan*, No. 20-10198 (5th Cir. Jan. 7, 2021).  Regan's conviction became final on June 6, 2021, when his time for seeking a writ of certiorari expired.  *See Clay v. United States*, 537 U.S. 522, 532 (2003); *see also* https://www.supremecourt.gov/

5

orders/courtorders/031920zr_d1o3.pdf (COVID-19-related order extending filing

deadline to 150 days). He timely filed this Section 2255 motion, his first, on April 8,

2022.[3] (CV No. 1 at 10.)

## STATEMENT OF THE ISSUES

Regan alleges that he received ineffective assistance of counsel during both the

district court and appellate proceedings. (CV. Nos. 11-14.) He also claims that his

Fourth Amendment rights were violated based on alleged infirmities in the search warrant

for his residence and the supporting affidavit, (*Id*. at 14-15), and perceived errors in the

affidavit submitted in support of the search warrant for his Tumblr accounts and in

support of the complaint and arrest warrant, (*id*. at 16-19).

## ARGUMENT AND AUTHORITIES

### Standards governing motions under Section 2255

Under 28 U.S.C. § 2255, a prisoner may apply to the convicting court to vacate,

set aside, or correct his sentence if it was imposed in violation of the Constitution or the

laws of the United States. Claims that counsel was ineffective are cognizable under

Section 2255, but such claims are tested under the stringent two-prong inquiry directed

by *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The movant must first prove his

counsel's performance was deficient by identifying specific acts or omissions that were

not the result of reasonable professional judgment. *Id*. at 690. The movant must next

---

[3] On October 15, 2021, Regan moved for a 365-day extension to file his Section 2255 motion and asked the Court to inform him of the deadline for filing. (Case No.1:21-CV-00192, No. 1.) The Court construed the motion as Section 2255 motion and informed Regan that if he did not want the motion so construed, he could withdraw it. (*Id*. at No. 3.) Regan withdrew his motion, and the Court dismissed it. (*Id*. at Nos. 4, 6.)

prove that his counsel's deficient performance resulted in prejudice by showing that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*. at 686. Put another way, the movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "That requires a substantial, not just conceivable, likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (internal quotation marks omitted).

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). The claim fails if the prisoner does not satisfy either the deficient-performance or prejudice prongs. *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). The reviewing court need not address both components if there is an insufficient showing on one. *Id.*

Where a movant uses a Section 2255 motion to raise claims of error that he failed to raise on direct appeal, he must show cause for his procedural default and that he was actually prejudiced as a result of the alleged constitutional error. *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995). No evidentiary hearing is required where the record "conclusively shows" that the movant's claims fail. *United States v. Allen*, 918 F.3d 457, 460 (5th Cir. 2019).

**Discussion**

1. **Regan's claims of ineffective assistance of counsel are conclusory, meritless, and counterfactual.  (Ground One)**

Regan asserts the following allegations in connection with his ineffective-assistance-of-counsel claims:

- Counsel provided ineffective assistance during pretrial proceedings, which resulted in an unknowing and involuntary plea;

- Counsel provided ineffective assistance during the sentencing proceedings because he submitted the psychologist's assessment to the Court;

- Counsel provided ineffective assistance during the appellate proceedings because he failed to disclose a conflict of interest and did not allow him to participate in the appeal.

None of Regan's allegations demonstrate ineffective assistance of counsel.

i. **Regan received effective assistance of counsel during the pretrial proceedings.**

According to Regan, his attorney presented the proposed plea agreement to him on October 8, 2019—the date he signed it—and told him the government required that he sign it immediately to avoid trial.  (Mot. at 11.)   Regan claims he was not given enough time to understand the rights he forfeited under the plea agreement and that he signed it without understanding it.  (*Id.*)

Regan's claims are undercut by the record.  Regan signed the plea agreement three days before he pled guilty in open court during the Rule 11 hearing.  (CR Nos. 136, 143.) He therefore had time to consider the terms of the plea agreement prior to pleading on the record and, if he so chose, could have withdrawn from the agreement and declined to formally enter his guilty plea.  He could have likewise sought to withdraw his plea prior

8

to the sentencing hearing, which was held over four months after the plea hearing.  He did not do so.

The record also demonstrates that his guilty plea was knowing and voluntary.  At the rearraignment, while under oath, Regan affirmed that he had an opportunity to discuss his decision to plead guilty with his attorney and that he was fully satisfied with his attorney's representation.  (CR No. 201 at 10:10-16.)  Regan stated that he read the plea agreement "thoroughly" before signing it and indicated he understood everything in it. (*Id*. at 18:12-21; 21:15-18.)   Government's counsel read into the record the penalties for the offenses—including the statutory maximum term of 90 years imprisonment and the $750,000 maximum fine—, and Regan said that he understood them.  (*Id*. at 14:8-11; 15:9-15.)  Regan stated that his guilty plea was voluntary and made of his own free will and confirmed he had not been threatened or forced to plead guilty.  (*Id*. at 24;14-25; 25:1-5.)

Regan's sworn statements are entitled to a strong presumption of truth in this post-conviction proceeding.  *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("Solemn declarations in open court carry a strong presumption of verity," and "constitute a formidable barrier in any subsequent collateral proceedings.").  In the absence of any evidence that would overcome Regan's sworn statements, which Regan has not provided, the Court should reject his claims.  In addition, to satisfy the prejudice requirement, the movant must show there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  Regan has not claimed that he would have insisted on a trial, and

it is unlikely he would make such a claim.  The plea agreement was exceedingly

beneficial to him.  Accordingly, Regan's ineffective-assistance-of-counsel claims related

to his guilty plea fail both prongs of the *Strickland* analysis.

> ## ii.   Regan received effective assistance of counsel during the sentencing proceedings.

Regan faults his attorney for submitting the psychologist's assessment with the

motion for a downward departure/downward variance.  (Mot. at 11-12.)  He believes the

Court denied the motion based on the psychologist's assessment of his risk level for

sexual re-offense.  (*Id*. at 12.)

Regan essentially faults his counsel for what he perceives to be a tactical error.

He therefore invites the Court to second-guess his counsel's strategy at sentencing.  But a

court "indulge[s] a strong presumption that counsel's conduct falls within the wide range

of reasonable professional assistance."  *Strickland*, 466 U.S. at 690.  The movant must

overcome a strong presumption that "counsel rendered adequate assistance and that the

challenged conduct was the product of reasoned trial strategy."  *Wilkerson v. Collins*, 950

F.2d 1054, 1065 (5th Cir. 1992) (citing *Strickland*, 466 U.S. at 690).

Nothing about counsel's performance at sentencing was deficient.  Counsel filed

the motion for a downward departure/variance, filed objections to the PSR, and made

sound arguments at the sentencing hearing, despite the absence of any mitigating factors.

Regarding prejudice, Regan jumps to the faulty conclusion that, had counsel not

submitted the report, he would have received a lower sentence.  That conclusion is

unsupported by the record.  While the Court cited the psychologist's findings, they were

only one factor among others the Court considered.  In sum, the Court found no justification to support the massive reduction in sentencing Regan requested.  (CR No. 197 at 15:12-16.)

The fact that counsel's efforts on Regan's behalf did not yield a favorable result at sentencing is insufficient to support an ineffective assistance claim.  Counsel's efforts were the type that fall within the wide range of reasonable professional assistance and should be accorded deference.  *Strickland*, 466 U.S. at 689.

### iii.    Regan received effective assistance of counsel during the appellate proceedings.

Regan claims that his appellate counsel labored under a conflict of interest because the lead prosecutor in his case left the government and joined his attorney's law firm; he faults his attorney for failing to disclose this fact to him and for not withdrawing from the case.  (CR No. 1 at 13.)  Claims of conflict of interest that do not involve dual representation are governed by *Strickland*.  *See United States v. Palacios*, 928 F.3d 450, 454-55 (5th Cir. 2019).  Applying *Strickland*'s two-prong standard, Regan fails to show deficient performance or prejudice.

First, Regan's claim is based on faulty facts.  His counsel filed Regan's notice of appeal on February 21, 2020, and the appellate brief on July 24, 2020.  (CR No. 185; Appellant's Br., *United States v. Regan*, No. 20-10198 (5th Cir. July 24, 2020)).  The prosecutor joined counsel's law firm thereafter on August 1, 2020.  (*See* Govt.'s Ex. A.) Because the prosecutor did not join counsel's law firm until after the filing of the appellate brief, Regan cannot demonstrate that there was a conflict of interest at all.  But

even if there had been an overlap, Regan would have to show that the overlap caused his counsel to perform deficiently in some way and that the deficient performance actually prejudiced him—i.e., altered the outcome of his appeal.  He fails to make any such showing, so the Court should deny this frivolous claim.

Regan also claims his attorney failed to communicate with him after the sentencing hearing and during the appellate proceedings and did not give him "an opportunity to participate in his own direct appeal."  (Mot. at 14.)  But appellate counsel is not constitutionally required to confer with a defendant about legal strategy on appeal. *Hooks v. Roberts*, 480 F.2d 1196 (5th Cir. 1973).  Moreover, Regan fails to show that his counsel's alleged failure to include him in the appellate process was objectively deficient, as he must to succeed under *Strickland*.  He has also fails to identify any meritorious issue or argument he would have raised had he been allowed to "participate" in his appeal, nor has he shown a probability that the appellate proceedings would have been different had his counsel communicated more thoroughly with him.

Although Regan claims he received constitutionally ineffective assistance of counsel, the record demonstrates otherwise.  His attorney filed a *Bruton* motion and two motions to suppress evidence; negotiated a favorable plea agreement; filed objections to the PSR; moved for a below-guidelines sentence and argued for same at the sentencing hearing; filed a timely notice of appeal; and advanced appellate arguments that the Fifth Circuit considered.  The record demonstrates that Regan received zealous, effective representation.

2.      **Regan's Fourth Amendment claims are procedurally barred and lack a basis in fact and law.  (Grounds Two through Four).**

  i.      **Regan's Fourth Amendment claims are procedurally barred.**

Regan's Fourth Amendment claims relate to the warrant issued for the search of his residence, the affidavit supporting it, and the supporting affidavit for the search of his Tumblr accounts and arrest warrant.  First, Regan waived these claims when he entered into the plea agreement.  Although Regan reserved in his plea agreement the right to raise issues related to the residential search in an appeal, he did not reserve the right to raise the issues in a Section 2255 motion.  (CR No. 136 at 6.)  "A plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction."  *United States v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002).  The guilty plea waives governmental misconduct during the investigation and improper prosecution motive and "eliminates objections to searches and seizures that violate the Fourth Amendment."  *Id.* at 287 (citation omitted).

In addition, none of these claims were presented on appeal and are therefore procedurally barred.   A Section 2255 movant who fails to raise a constitutional issue on direct appeal waives the issue unless he shows both cause for his procedural default and actual prejudice resulting from the error.  *United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000); *United States v. Shaid*, 937 F.2d 228 at 232 (5th Cir. 1991).  This standard imposes "a significantly higher hurdle than the plain error standard" that governs direct appeals.  *Shaid*, 937 F.2d at 232.  Regan shoulders the burden to show cause and prejudice, but he shows neither.  He has not advanced *any* cause for failing to

13

raise the issues on appeal.  Because he fails to do so, the Court need not reach prejudice.

But even if the Court were to reach it, Regan's claims lack merit.

> ### ii.      The issuance and execution of the warrant to search Regan's residence did not violate his Fourth Amendment rights.

Regan claims the Howard County investigator "blatantly lied" about the NCMEC

reports in the affidavit he submitted to obtain the residential search warrant and that the

magistrate who signed the warrant failed to perceive the purported errors.  Although his

argument is difficult to comprehend, it appears he finds fault with the investigator's

characterization of the child pornography as "prepubescent."  He states that one of the

reports describes an image of a "prepubescent minor" while the other report describes an

image of a "pubescent minor."  (Mot. at 14-15.)   And he faults the investigator for

stating that the reports concerned three photographs of prepubescent nude children;

according to Regan, this was a falsehood because "[N]owhere in either Cybertip report

does it list three photographs of a prepubescent child."  (Mot. at 14-15.)

The Court should reject these claims.  The fact that one image is described as

"prepubescent" and the other as "pubescent" does not invalidate the search warrant.  The

legal status of the images does not turn on whether the depicted child victims have

reached puberty.  *See* 18 U.S.C. §§ 2252A(a)(2), (a)(5)(B), 2256(1), (2), (8)(a)

(criminalizing possession and other acts involving images of children under the age of 18

engaged in sexually explicit conduct); Tex. Penal Code § 43.26(a) (materially similar).

Both types of child pornography victimize children under the age of 18.  In addition, the

investigator-affiant actually viewed the images, and Regan presents no evidence that the

descriptions of the images were, in fact, false because the images depicted children who were post-pubescent.

Second, Regan is mistaken when he claims that the reports do not contain photographs.  Each of the two NCMEC reports consisted of an executive summary, an IP report, and an evidence package that contained the actual child pornography images Regan possessed. The documents that Regan references as void of images are the executive summaries.  Those documents provide a high-level summary of the contents of the cyber tips and never include the illegal child pornography.

The actual photographs described in the investigator's affidavit were part of the evidence package.  Those images, which Regan possessed under the pseudonym of "Jenna Lennon," depict prepubescent child pornography and were accurately described in the Howard County investigator's affidavit.   Each photograph was of a young (prepubescent) female child forced into lascivious exhibition of her genitals, and one of those photographs also involved a forced sex act.[4]  (*See id*.)  Accordingly, Regan's criticism of the affidavit is contradicted by the evidence and is nothing more than an attempt to find a loophole to overcome the district and appellate court findings.[5]

Next, Regan's claim that the magistrate, a nonlawyer, had no authority to issue the affidavit also fails.  First, the violation Regan supposes does not implicate the Fourth

---

[4] This contraband material was made available to his counsel for inspection under 18 U.S.C. § 3509(m).
[5] Although Regan challenged on appeal the affidavit and warrant issued in Howard County, he did not raise this particular issue.  He claimed the affidavit lacked particularity, did not contain probable cause sufficient to support the warrant, and was prepared and reviewed in a reckless fashion.  Appellant's Br., *United States v. Regan*, No. 20-10198 (5th Cir. July 24, 2020).  He faulted the Court for failing to provide an adequate analysis as to whether the good faith exception applied and for denying his request for a hearing.  *Id*. at 15, 26.

Amendment.  "The exclusionary rule was created to discourage violations of the Fourth Amendment, not violations of state law."  *United States v. Cordero*, 465 F.3d 626, 630 (5th Cir. 2006).  The question for a court is whether the state official violated the United States Constitution.  *Id.* (internal quotations omitted).  Regan has not alleged a direct violation of the United States Constitution, and he cannot do so because there was none.

In addition and in the alternative, although generally only a judge who is a licensed attorney may issue an evidentiary search warrant in Texas, the Texas Code of Criminal Procedure provides several exceptions.  In a county that does not have a municipal judge who is a licensed attorney, or a county court judge who is a licensed attorney, or a statutory county judge, any magistrate may issue an evidentiary search warrant.  Tex. Code Crim. Proc. art. 18.01(i).  None of the type of judges described in article 18.01(i) preside in Howard County.  *See* Howard County, Texas, webpage, https://www.co.howard.tx.us/page/howard.Home (last visited Aug. 17, 2022); *see also* https://www.mybigspring.com/235/Municipal-Court (last accessed Aug. 17, 2022).  The exception therefore applied here and for good reason.  The exception is designed to address circumstances in which Texas counties may have lean judicial presence due to location or population.  The purpose of the exception is to "facilitate the timely issuance of a warrant to prevent the loss or destruction of evidence by allowing a peace officer to seek the warrant from any magistrate."  *See Muniz v. State*, 264 S.W.3d 393, 398 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (construing prior version of article 18.01(i)).

### iii.     The issuance and execution of the Tumblr search warrant and the arrest warrant did not violate Regan's Fourth Amendment rights.

Regan claims that the HSI investigator mischaracterized the NCMEC evidence. (Mot. at 17.)  This argument mirrors his argument regarding the Howard County affidavit and fails here for the same reasons discussed above.  Regan also faults the HSI investigator for using evidence obtained from one of Regan's former coworkers in her affidavit for the Tumblr search warrant and the affidavit supporting the arrest warrant. (Mot. at 17-18.)

Regan's coworker provided incriminating evidence that Regan communicated under the username "differentdocforyou" via a Tumblr account that was linked to his work email address. (CR. No. 2 at 7.)  The coworker reported that Regan used this username in Tumblr chats with Tanya during which the two discussed the sexual abuse of the child victims.  (*Id*.)   The coworker also provided screenshots of the communications, which included Regan communicating under the persona of a doctor and, among other things, encouraging and directing Tanya to sexually abuse one of the child victims.  (*Id*. at 8-10.)  Regan claims his coworker was a subordinate he terminated who was motivated by revenge.  (Mot. at 18.)  He also claims the coworker was on federal probation and wanted to obtain favor from the government.  (*Id*.)  He believes the evidence should be viewed as "tainted" for these reasons and because the coworker illegally accessed his work email.  (*Id*.)  These arguments should be rejected.

First, it is questionable whether Regan had an expectation of privacy in his work email address.  He states in his motion that the default password at his place of

17

employment was "Welcome!" and that the password was assigned to every employee, including him. (Mot. at 17.) But even if the Court were to assume the coworker acted out of malice and violated Regan's privacy rights or otherwise obtained the evidence illegally, it is well established that the Fourth Amendment applies only to governmental action; "private party searches of property, even if wrongfully conducted, do not raise Fourth Amendment implications." *United States v. Paige*, 136 F.3d 1012,1017 (5th Cir. 1998) (internal quotations omitted). Furthermore, a private party's misconduct does not deprive the government of using such evidence, so long as he did not act as an agent of the government. *Id.* Here, the coworker did not act as an agent of the government. The government did not know of or acquiesce to the coworker accessing Regan's work email, and Regan cannot demonstrate otherwise. Although Regan contends the coworker provided the evidence to the government for malicious purposes and to obtain a benefit, his claim is nothing more than speculation, unsupported by any evidence. The coworker did not obtain any benefit from alerting the government to the Regans's horrifying conversations, (*see* conversations at CV No. 2 at 8-10), and even if there had been a benefit, that would not invalidate the search warrant or taint the information in any way. Indeed, although it did not do so here, the government routinely uses testimony from individuals who obtain a benefit from cooperation.

Because Regan's claims in Grounds Two through Four are procedurally barred, and because he has failed to articulate any valid constitutional claim, the Court should reject these claims.

## **CONCLUSION**

Regan's motion should be denied with prejudice.

Respectfully submitted,

*s/ Ann Howey*
Ann Howey
Assistant United States Attorney
Texas Bar No. 24032312
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone:   (806) 472-7560
Email:          ann.howey.usdoj.gov


Steven J. Grocki
Chief, Child Exploitation and Obscenity Section
U.S. Dept. of Justice, Criminal Division

Kyle P. Reynolds
Trial Attorney
New York Bar No. 4703856
Authorized to Practice Under L. Cr. R. 57.11
1301 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 616-2842
kyle.reynolds@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on August 24, 2022, I filed this response with the Clerk of Court for the U.S. District Court, Northern District of Texas.  I also certify that a copy of this response was sent by certified mail to Christopher James Regan, Register Number 28400-078, Tucson USP, P.O. Box 2400078, Tucson, Arizona 85734.

_s/ Ann Howey_
Ann Howey
Assistant United States Attorney